UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 SEP 23 PM 1: 28

DISTRICT COURT
N.D. OF ALABAMA

In the Matter of:          ]
                           ]
  EDWARD RONALD CASSON, a/k/a   ]   Bankruptcy No. 03-40776-JSS-7
  RONNIE CASSON, and WANDA B.   ]
  CASSON,                       ]
                           ]
           Debtors         ]
-------------------------------------------------------------------
EDWARD and WANDA CASSON,
                           ]
    Appellants             ]
                           ]
    vs.                    ]   CV03-CO-02633-E
                           ]
(BANKRUPTCY APPEAL),       ]
                           ]   ENTERED
    Appellee               ]   SEP 23 2004

**MEMORANDUM OF OPINION**

**I. Introduction**

Debtors Edward and Wanda Casson appeal from the decision of the Honorable James S. Sledge, U.S. Bankruptcy Judge for the Northern District of Alabama, which transferred their case to the Middle District of Alabama. The debtors filed a voluntary petition under Chapter 7 of the Bankruptcy

Code on February 28, 2003. (Doc. A.)[1] On March 10, 2003, the Bankruptcy Court entered an order requiring the debtors to appear and show cause why their case should not be transferred to Montgomery because their residence was listed in the bankruptcy petition as Randolph County. (Doc. C.) Following a hearing in Anniston, Alabama on March 25, 2003 (Doc. J), Judge Sledge entered a memorandum opinion on April 10, 2003, which held that the debtors filed their bankruptcy petitions in a district where venue was improper and the Bankruptcy Court has the authority to dismiss or transfer cases sua sponte that are filed in an improper venue (Doc. D). An order issued in accordance with that opinion was entered the same day, and the debtors' case was transferred to the Middle District of Alabama. (Doc. E.) Debtors filed a notice of appeal for judicial review in the Bankruptcy Court on April 18, 2003. The appellant debtors have identified the issues as required by Federal Rule of Bankruptcy Procedure 8006 and the case is now ripe for decision.

## II. Jurisdiction

---

[1] Unless otherwise specified, all citations refer to the Appellants' Record File.

The district court has jurisdiction to hear appeals from final judgments, orders, decrees, and, with leave of the district court, interlocutory orders entered by the bankruptcy court under 28 U.S.C. § 158(a). Because an order is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment," *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983), and the Bankruptcy Court's order did not terminate the debtors' Chapter 7 petition, the order is interlocutory and may be appealed by leave of the district court.[2]

## III. Standard of Review

According to Federal Rule of Bankruptcy Procedure 8013:

> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

---

[2]Although the debtors did not file a motion for leave to appeal under 28 U.S.C. § 158(a), as required by Federal Rule of Bankruptcy Procedure 8003(a), the court will treat debtors' timely notice of appeal as a motion for leave to appeal under Rule 8003(c).

A bankruptcy court's conclusions of law, however, are subject to de novo review, *Sipes v. Atlantic Gulf Cmtys. Corp.* (In re *Gen. Dev. Corp.*), 84 F.3d 1364, 1367 (11th Cir. 1996); *Matter of Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir. 1980), and equitable determinations are reviewed under an abuse of discretion standard. *Sipes*, 84 F.3d at 1367.

## IV. Discussion

On appeal, the debtors identified issues relating to whether a bankruptcy court may sua sponte transfer a case for improper venue without a motion by a party in interest to transfer the case. This court has addressed these issues previously in In re *Thomas Joe Lee Bass*, Bankruptcy Case No. 03-40049-JSS-7, which is attached. Because no new arguments have been submitted to cause the court to change its opinion in this matter,[3] and for the reasons stated in the attached memorandum opinion, the court concurs with the Bankruptcy Court's legal conclusions. Venue in the Northern District of Alabama was improper. A bankruptcy

---

[3]According to Federal Rule of Bankruptcy Procedure 8009, the appellant has until 15 days following the entry of the appeal on the docket pursuant to Rule 8007 to file briefs. This case was entered on the docket on September 26, 2003, and the parties were notified that briefs were to be filed in accordance with Rule 8009. (Civil Docket Doc. 1.) No briefs were filed.

```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ALABAMA
                          EASTERN DIVISION
```

04 MAR 30 AM 8:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| IN RE THOMAS JOE LEE BASS, | ] |
| | ] BANKRUPTCY NO. 03-40049-JSS-7 |
| Debtor. | ] CHAPTER 7 |
| | ] |

| | |
|---|---|
| THOMAS JOE LEE BASS, | ] |
| | ] CV03-CO-00636-E |
| Appellant, | ] |
| V. | ] |
| (not applicable, BANKRUPTCY APPEAL). | |
| JAMES HENDERSON, | ] |
| Trustee. | ] |

ENTERED
MAR 3 0 2004

## MEMORANDUM OF OPINION

I.   INTRODUCTION.

The debtor, Thomas Joe Lee Bass ("Mr. Bass"), appeals from the decision of United States Bankruptcy Judge for the Northern District of Alabama, James S. Sledge, transferring his case to the Middle District of Alabama. Mr. Bass filed a voluntary petition under Chapter 7 of the

Page 1 of 13



Bankruptcy Code on January 7, 2003. [Doc. # 1.][1] On January 21, 2003, the Bankruptcy Court stated that it appeared Mr. Bass is a resident of Randolph County and thus ordered Mr. Bass to appear and show cause why the case should not be transferred to Montgomery. [Doc. # 4.] A hearing took place before Judge Sledge in Anniston, Alabama, on February 4, 2003. [Doc. # 4.] On February 4, 2003, the Bankruptcy Court held that the venue provisions of 28 U.S.C. § 1408 mandated that proper venue for Mr. Bass's case is the Middle District of Alabama, and therefore transferred the case. [Doc. # 5.] Mr. Bass filed a notice of appeal for judicial review in this court on February 12, 2003. [Doc. # 9.] The issues have been briefed by the appellant and are now ripe for decision.

II.     STANDARD.

> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

---

[1] Unless otherwise specified, all references are to Appellant's Designation File.

Page 2 of 13

Fed. R. Bankr. P. 8013. Questions of law are freely reviewable on appeal. *Matter of Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir. 1980).

III. DISCUSSION.

The district court has jurisdiction to hear appeals from final judgments, orders, decrees, and with leave of the district court, interlocutory orders entered by the bankruptcy court. 28 U.S.C. § 158(a). Therefore, it must be determined (1) whether the Bankruptcy Court's order transferring venue was final or interlocutory and (2) if interlocutory, whether this court should grant leave to appeal the order.

An order is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment." *Pitney Bowes, Inc. v Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983). By contrast, an interlocutory order is any order other than a final order. Since the Bankruptcy Court's order did not terminate Mr. Bass's Chapter 7 petition nor have any effect on the case at all other than transferring venue from the Northern District to the Middle District of Alabama, it is interlocutory and

Page 3 of 13

can be appealed only by leave of this court under 28 U.S.C. § 158(a).[2] *See* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3914.12. ("Orders transferring ... bankruptcy proceedings also are not final.") Accordingly, Mr. Bass is granted leave to appeal the transfer order, and the court will now consider the merits of Mr. Bass's appeal.

A.   Issue on Appeal.

Mr. Bass argues on appeal that the Bankruptcy Court for the Northern District of Alabama erred when it transferred his case sua sponte to the Middle District of Alabama. Mr. Bass contends that the Bankruptcy Court may transfer venue only on timely motion of a party in interest and if no such motion is made, the issue is waived.[3]

---

[2] The court takes note that Mr. Bass did not file a motion for leave to appeal under 28 U.S.C. § 158(a) as required under Fed. R. Bankr. Proc. 8003(a). However, Rule 8003(c) allows the district court to treat the debtor's timely filed notice of appeal as a motion for leave to appeal.

[3] In his brief, Mr. Bass presents the issues of (1) whether the Bankruptcy Court may sua sponte transfer a case and (2) whether the Bankruptcy Court may transfer a case sua sponte when the Chapter 7 Trustee has held the 341 Meeting of Creditors and has filed his final report. Mr. Bass has offered no evidence that the occurrence of the 341 Meeting of Creditors is of any consequence to the court's decision. In fact, aside from phrasing it as an issue presented, Mr. Bass never mentions this second issue again in his submissions. Therefore, the court will not address this issue.

Page 4 of 13

Section 1408 of title 28 governs venue in bankruptcy cases and provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, or such person were located in any other district; or
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

Mr. Bass concedes that he is a resident of Randolph County. [Tr. at 3.] Randolph County is in the Middle District of Alabama. 28 U.S.C. § 81(b)(3). Mr. Bass has offered no evidence that he is engaged in business or that he has assets in the Northern District. Therefore, on the face of Mr. Bass's Chapter 7 petition, venue in the Northern District of Alabama is improper.

B.   Authority of Bankruptcy Courts.

It appears to the court that Mr. Bass concedes that the Bankruptcy Court has authority to transfer a case filed in an improper venue, but argues

Page 5 of 13

only that it lacks the power to do so sua sponte. However, a proper understanding of this opinion warrants a discussion of the general statutory authority conveyed to the bankruptcy courts.

Section 157(a) of title 28 states, "Each district court may provide that any or all cases under title 11 or arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Thus, a bankruptcy court may "hear and determine all cases under title 11 and all core proceedings arising under title 11 ... or arising in a case under title 11, referred [to it by the district court], and may enter appropriate orders and judgments ..." 28 U.S.C. § 157(b)(1).

The relevant transfer of venue statute in this case is 28 U.S.C. § 1406 which states in pertinent part:

> Cure or waiver of defects. (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
> (b) Nothing in this chapter [28 USCS §§ 1391 et seq.] shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

Page 6 of 13

Section 1406 speaks only to "district courts," but by reference under 28 U.S.C. § 157, the bankruptcy courts may exercise the same authority over a matter such as this since transfer of venue constitutes a core proceeding arising in a title 11 case. *See In re Whilden*, 67 B.R. 40, 42 (Bankr. M.D. Fla. 1986); *In re Hillsborough Holdings Corp.*, 146 B.R. 1008, 1010 (Bankr. M.D. Fla. 1992); *In re Kerry Joe Henderson*, 197 B.R. 147, 153-54 (N.D. Ala. 1996); *In re Fred T. Campbell*, 242 B.R. 740, 744 (M.D. Fla. 1999).

C.  Sua Sponte Transfer.

To support his argument that the Bankruptcy Court has no authority to transfer a case sua sponte, Mr. Bass points to Fed. R. Bankr. P. 1014(a)(2) which states:

> Cases Filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Further, Mr. Bass points to the Advisory Committee's Note to Rule 1014 (1983) which states, "Under this rule, a motion by a party in interest is necessary. There is no provision for the court to act on its own initiative."

Page 7 of 13

This court must now reconcile the Bankruptcy Court's power under 28 U.S.C. § 157(a) to transfer venue of a case with Fed. R. Bankr. P. 1014(a)(2) which permits the Bankruptcy Court to transfer a case only upon motion by a party in interest. The court finds *In re Henderson*, 197 B.R. 147 (N.D. Ala. 1996), instructive on the matter.

The facts in *In re Henderson* and the present case are substantially the same.[4] Like Mr. Bass, the debtors in *In re Henderson* resided in Randolph County, Alabama. *Id.* at 149. The Bankruptcy Court had issued a "rule to show cause" why the case should not be transferred or dismissed for having been filed in the improper district. *Id.* In the opinion, the Bankruptcy Court addressed the issue of whether it could transfer a case not raised on motion by a party in interest. The Court noted that although Fed. R. Bankr. P. 1014(a)(2) did not "expressly preclude the Court from transferring a case sua sponte, the advisory committee note to the rule ... supports the

---

[4] Judge Sledge, Bankruptcy Judge for the Northern District of Alabama and author of the opinion in *In re Henderson*, decided the present case below. There is little case law on this matter and the court, as well as others, are persuaded by Judge Sledge's reasoning.

Page 8 of 13

debtors' reading." *Id.* ("There is no provision for the court to act on its own initiative.")

The Bankruptcy Court first countered the debtor's argument by citing to 11 U.S.C. § 105(a) which expressly provides:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Bankruptcy Court held that 11 U.S.C. § 105(a) "effectively overrules cases which construed sections providing for the raising of an issue by a party in interest to prevent a court from raising the issue itself." *Id.* at 151. However, the court continued its analysis, reasoning that 11 U.S.C. § 105(a) governs only construction of provisions in title 11, not Federal Rules of Bankruptcy Procedure, and therefore did not resolve the issue at hand.

The Bankruptcy Court stated it was obligated to read Rule 1014 "in a manner consistent with the statutory provisions governing change of venue." *Id.* The Court held that if Rule 1014 "clearly contradict[ed] the statutes, the Court [would] not give effect to the rule." *Id.* at 155. To support its reasoning, the Bankruptcy Court stated:

> The Supreme Court has the power to "prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge, modify, or enlarge any substantive right."

*Id.* at 154-55 (quoting 20 U.S.C. § 2075). "As the legislative history to § 2075 states, '[t]o the extent that a rule is inconsistent, the statute will govern.'" *Id.* at 155 (citations omitted).

The Bankruptcy Court then cited extensive authority for the district courts to utilize 28 U.S.C. § 1406(a) in transferring, sua sponte, a case filed in an improper venue. *See In re Henderson* at 155-56. The Bankruptcy Court stated that the debtors gave no argument why title 11 cases should be treated any differently than non-bankruptcy cases under § 1406 and concluded that the district courts, and by reference pursuant to 28 U.S.C. § 157(a), the bankruptcy courts "may transfer a case filed in improper venue sua sponte under 28 U.S.C. § 1406(a)." *Id.* at 156.

Mr. Bass argues that the use of "may" in 28 U.S.C. § 1408 — the statute governing venue of bankruptcy cases — does not prohibit a debtor from commencing his case in a district other than one dictated by the statute. The court finds Mr. Bass's argument unpersuasive. Mr. Bass does not

advance any evidence to support his theory that § 1408 may be so blatantly disregarded. Instead, Mr. Bass cites *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1068 (5th Cir. 1986), which states *in dicta*, "Venue is personal to the litigants and even when it is laid in a court where it would otherwise be improper, it may be waived by express agreement or by conduct." (Appellant's Br. at 3.) In *Hunt,* the parties consented that any matter or issue relating to the litigation would be filed in the Northern District of Texas. *Id.* at 1065. The petitioners owed certain banks $1.5 billion and filed for bankruptcy in Louisiana, the place where the petitioners' principal assets were located. *Id.* The court in the Northern District of Texas ordered the petitioners to request that the bankruptcy cases be transferred from Louisiana to Texas. *Id.* Although the parties had consented to it, venue in the Northern District of Texas was also appropriate because it was the location of the petitioners' principal place of business. *Id.* at 1068. Therefore, *Hunt* does not support Mr. Bass's argument that he may ignore § 1408 but merely that parties may consent to venue and that more than one venue may be appropriate.

Furthermore, Mr. Bass cites other cases for the proposition that venue relates to the convenience of the parties. However, Mr. Bass's argument is without merit in that these cases do not support his theory that a party may *knowingly file in the wrong venue* simply for his or her convenience. *See In re Townsend*, 84 B.R. 764, 768 (N.D. Fla. 1988) ("In cases where convenience is an overriding concern, the debtor should file in the proper district and then move to transfer the case pursuant to 28 U.S.C. § 1412.") Indeed, other cases submitted by Mr. Bass refer only to stipulation of venue by the parties, timeliness in filing motions for change of venue, or action by a bankruptcy court after a motion for change of venue is filed — not whether a bankruptcy court can transfer a case sua sponte, which is the issue before the court.

The court takes note that due to the location of Mr. Bass's residence in relation to the geographical boundaries of the Middle and Northern Districts, it may, in fact, be easier for Mr. Bass to travel to court in the Northern District rather than the Middle District. However, Mr. Bass has offered no evidence of a provision which would allow him to bypass 28

U.S.C. § 1408. Therefore, this court finds that proper venue for Mr. Bass's Chapter 7 petition rests in the Middle District of Alabama.

IV.   CONCLUSION.

Based upon the court's evaluation of the evidence in the record and the submissions of the debtor, the court concurs with the Bankruptcy Court's legal conclusions and holds that the Bankruptcy Court's findings were not clearly erroneous. Accordingly, the decision of the Bankruptcy Court will be affirmed by separate order.

Done, this ____ of March, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

Page 13 of 13